# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **DORRIS WILLIAM MERRIWEATHER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )     CAUSE NO. 1:09-cv-176 |
| | ) |
| **CHARLES HART, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Dorris William Merriweather is asking that the Court recruit counsel to represent him in a case brought under 42 U.S.C. § 1983. (Docket # 35.) At the initial scheduling conference that motion was taken under advisement (Docket # 38) and he was supplied with a Questionnaire that has now been filed. (Docket # 39.)

Because this case is not difficult, and because Merriweather is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address

"both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

**ANALYSIS**

Applying the foregoing two-fold inquiry to the instant case, it is evident that Merriweather is competent to represent himself. In this instance, he poses a relatively straightforward § 1983 action against the Sheriff, the Jail Commander, and the Jail Captain concerning the improper extension of his incarceration. (Docket # 8.)

Therefore, the first factor – the difficulty of his claim – cuts against Merriweather's

---

[1] In his questionnaire, Merriweather details his unsuccessful attempts to secure counsel and follows that with the names and addresses of 7 attorneys. (Docket # 39.) Of course, Merriweather's inability to secure counsel could be some indication that his case lacks merit and that appointing counsel will not make a difference in the outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

2

request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Merriweather has already adequately articulated his claims in this case, as set forth in his Amended Complaint (Docket # 8.) He also participated in a scheduling conference with this Court (Docket # 46), where he demonstrated good communication skills, at least at a sufficient level to proceed *pro se*. Indeed, the Court was able to discuss the case with Merriweather in some detail and was impressed with his ability to recall the events surrounding his case, his ability to articulate his legal position, and the level of his education.[2] Moreover, many of the facts of this case are within his particular knowledge, including the allegations concerning his claimed damages; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable.

Overall, Merriweather has the ability to proceed at least through the discovery phase of his case and to respond to any summary judgment motions. Furthermore, he is presently incarcerated and therefore has some access to a law library. *See Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir. 1995) (summarizing a prisoner's right of access to the courts). As a result, the second factor of the two-fold inquiry, the plaintiff's competence to litigate the claims himself, also fails to support his request for counsel.

Consequently, since Merriweather appears quite competent to adequately handle this litigation, his motion asking that the Court recruit counsel for him will be denied.

---

[2] Before his incarceration, Merriweather was employed as an electrician.

## CONCLUSION

For these reasons, Merriweather's motion requesting the appointment of counsel (Docket # 35) is DENIED. He is, of course, free to continue to attempt to secure counsel on his own.

Enter for this 2nd day of August, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge